# EXHIBIT A



Alison Lundergan Grimes
Secretary of State

**Commonwealth of Kentucky**
**Office of the Secretary of State**

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718

December 11, 2019

PRUDENTIAL INS. CO. OF AMERICA DISABILTY MGMT. SERVICES
PO BOX 13480
PHILADELPHIA, PA 19176


FROM:   SUMMONS DIVISION
        SECRETARY OF STATE

RE:     CASE NO: 19-CI-07418

COURT:  Circuit Court Clerk
        Jefferson County, Division: 5
        700 West Jefferson St.
        Louisville, KY 40202
        Phone: (502) 595-3055

Legal action has been filed against you in the captioned case. As provided under Kentucky law, the legal documents are enclosed.

**Questions regarding this action should be addressed to:**

- **(1) Your attorney, or**
- **(2) The attorney filing this suit whose name should appear on the last page of the complaint, or**
- **(3) The court or administrative agency in which the suit is filed at the clerk's number printed above.**

The Kentucky Secretary of State has NO POWER to make a legal disposition of this case. Your responsive pleadings should be filed with the clerk of the court or agency where the suit is filed and served directly on your opposing party.

No copy of future pleadings need be sent to this office unless you wish us to serve the pleading under a particular statute or rule and pay for said service.

NO. **19CI07418**  JEFFERSON CIRCUIT COURT
DIVISION _____

JEFFERSON CIRCUIT COURT
DIVISION FIVE (5)

MICHELLE KAUFMAN ) PLAINTIFF
)
v. )
) **COMPLAINT**
)
)
PRUDENTIAL INSURANCE COMPANY )
OF AMERICA ) DEFENDANT
DISABILITY MANAGEMENT SERVICES )
PO BOX 13480 )
PHILADELPHIA PA 19176 )
)
)
SERVE: )
SECRETARY OF STATE )

\*\*\*         \*\*\*         \*\*\*

Comes the Plaintiff, MICHELLE KAUFMAN, by counsel, and for her cause of action against Defendant states as follows:

### PARTIES AND VENUE

1. Plaintiff is a resident of Louisville, Jefferson County, Kentucky.
2. Defendant, Prudential Insurance Company of America, (hereinafter "carrier" or "Defendant" or " Prudential" ) is a corporation doing business in the Commonwealth of Kentucky.
3. This is an action brought by a participant to recover long term disability benefits ("LTD" respectively) due to her under the terms of an insurance plan governed by §502(e) of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e), which is more specifically, a contract for disability insurance and wage replacement benefits.
4. This Court has jurisdiction pursuant to §502(e) of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e).

### FACTS

5. Plaintiff was a full-time employee of Automated Data Processing ("employer") for a sufficient

time period so as to be eligible for wage replacement coverage under the terms of an insurance contract identified as claim number 12484191.

6. As a full time employee, Plaintiff was eligible for, and was participating in the short and long-term disability plan ("plan") offered by employer.
7. At all times relevant to this Complaint, the Plan was administered by Prudential and at all relevant times Prudential remained the so called "plan administrator".
8. By virtue of Plaintiff's medical impairments, and according to medical personnel, it is apparent that Plaintiff is permanently and totally disabled. In fact, Plaintiff provided to Defendant a sworn statement from Plaintiff's treating physician attesting to her disabling conditions.
9. Plaintiff applied for Long Term Disability benefits ("LTD") and was approved for. Plaintiff received benefits for a substantial number of months after which, for reasons that are unknown, her medical file was reviewed and then she was inexplicably denied. There is no medical evidence to suggest Plaintiff's medical condition imported over the terms of the LTD benefit run. Plaintiff appealed the LTD decision and was again denied.
10. Said action on part of Plaintiff exhausts administrative remedies under the plan.
11. Prudential's in house medical review performed by the Defendant's "hired medical reviewer(s)", practitioner(s) of unknown qualifications, erroneously concluded that the Plaintiff was able to perform an occupation. The Defendant fails to offer a rational basis as to why it does not concur with a diagnosis of disability consistent with Plaintiff's treating physicians.
12. Prudential's in-house reviewing staff erroneously concluded that the Plaintiff was capable of returning to work and to work full time, as she did before the onset of her disability. Prudential refused to consider all of the Plaintiff's medical ailments and combined effect on Plaintiff to terminate benefits. Said action is in violation of Sixth Circuit jurisprudence.
13. Prudential's refusal to consider Plaintiff's combination of medical impairments, and the effect each has on the other, is in error as this medical evidence constitutes the "substantial evidence" in the case. The Claimant is entitled to have the combination of all impairments considered under the Plan. The Defendant so callously ignored substantive medical proof that it cannot now enjoy the, so-called, arbitrary and capricious standard of review despite plan language to the contrary, and the medical history should be reviewed *de novo.*
14. Prudential is legally unable to deny Plaintiff's benefits based on even its own medical and vocational findings.
15. Any physician who has personally treated the Plaintiff has never questioned the permanency and totality of Plaintiff's disability.

16. Defendant Prudential's conclusions that Plaintiff is not totally disabled was arbitrary and capricious, based on faulty data, flies in the face of the longitudinal medical evidence from the treating sources, and was executed in violation of relevant provisions of the plan.
17. At all relevant times Prudential was acting under a conflict of interest as it was the entity which determined if the Plaintiff was disabled and the entity which is responsible for payment of LTD wage replacement benefits. Accordingly, the Plaintiff is entitled to discovery over and above that which is customarily permitted in cases litigated under the ERISA statute.
18. In accordance with the terms of the plan, the Plaintiff did apply for Social Security Disability benefits ("SSDI") from the Social Security Administration ("SSA").
19. Although the SSA has not yet rendered a decision on the Plaintiff's SSA claim, Defendant cannot ignore the finding of SSA without adequate explanation in its decision even though the decision is outside the formation of the administrative record. Whitaker v. Hartford Life and Accident Co. 404 F.3d 947 (6th Cir. 2005).
20. Due to Defendant's actions Plaintiff is entitled to discovery exceeding standard ERISA protocol.

## COUNT 1
### DENIAL IS IN VIOLATION OF ERISA STATUTE

21. Pursuant to the ERISA statute Plaintiff is entitled to long-term disability benefits under the Plan.
22. Defendant has wrongfully denied Plaintiff LTD benefits and has breached the standards of the Plan under the dictates of the ERISA statute.
23. Defendant's decision to deny Plaintiffs benefits and their claim handling have been arbitrary and capricious and is not supported by substantial evidence, and is tantamount to a breach of contract, violating Plaintiff's expectations pursuant to the Prudential of the contract of insurance.

WHEREFORE the Plaintiff prays as follows:
1. For payment of disability benefits due to her, calculated from the date benefits were ceased until the present, with interest to the extent permitted by law;
2. For an Order compelling Defendant to continue all disability benefits from the present forward in time until such time as the of Defendant's contract of insurance permits a reinvestigation of Plaintiff's continued medical eligibility under the Plan;
3. For attorney's fees and expenses that Plaintiff has incurred for enforcing her contractual rights

as well as her ERISA rights;

4. For any and all equitable relief Plaintiff is entitled to under common law contract theory, tort, or under ERISA, including Defendants' assistance in remedying any damage its termination of benefits has caused respecting Plaintiff's credit history;

5. For her attorney fees and costs expended herein;

6. For any and all relief to which Plaintiff may be entitled under any legal claim, whether it be pursuant to a contract claim, state based statutory claims, federal ERISA based claims, or other claims that may arise once discovery is complete.

Respectfully submitted,

_____
ROBERT A. FLORIO
1500 Story Ave
Louisville, KY 40206
Co-Counsel for Plaintiff
502-587-0228

robertfloriolaw@outlook.com